**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CRIMINAL ACTION NO. 2:24-cr-00192-05

WILLIAM POWELL,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant William Powell's Motion to File Sentencing Memorandum and Motion for Variance Under Seal* (Document 343), as well as the attached exhibits. Therein, Mr. Powell asks that his sentencing memorandum and motion for variance be filed under seal to prevent retaliation against him for cooperating with the Government. He states that these documents reference his cooperation with the Government, specifically the trial testimony he provided against his co-Defendant, Kisha Sutton.

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). "[T]he First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). "When the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve

that interest." *Virginia Dep't of State Police*, 386 F.3d at 575. (internal quotation marks omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

A district court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Id.* at 576. "Notifying the persons present in the courtroom of the request to seal or docketing it reasonably in advance of deciding the issue is appropriate" to provide public notice. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

In considering the competing interests in this case, the Court finds that the compelling governmental interest of procuring cooperation from criminal defendants in federal prosecutions outweighs the public's interest in accessing Mr. Powell's sentencing memorandum and motion for variance. The Court also finds that sealing these documents is narrowly tailored to serve that interest because an alternative to sealing, such as redaction, would be insufficient. For these reasons, the Court finds it appropriate to seal Mr. Powell's sentencing memorandum and motion for variance.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant William Powell's Motion to File Sentencing Memorandum and Motion for Variance Under Seal* (Document 343) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    July 31, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA